UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------x

JACOB LANGSAM,
          Plaintiff,

vs.

COHEN & KRASSNER
UNIFUND CCR PARTNERS
CITIBANK SOUTH DAKOTA, N.A.

          Defendants.

_____x

**JUDGE KARAS**

COMPLAINT FOR VIOLATION
Of The Fair Debt Collection
Practices Act and Fair Credit
Reporting Act

Plaintiff Demands A
Trial by Jury

**07 CIV. 7506**

## INTRODUCTION

1.     This is an action for damages and declaratory relief by an individual consumer for

Defendants' joint and several and repeated violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter FDCPA) and the Fair Credit

Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter FCRA) and defamation.

## JURISDICTION AND VENUE

2.     Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves

predominant issues of federal law. Defendants have violated the provisions of the FDCPA

and FCRA.  Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367.

Venue in this District is proper in that Plaintiff resides here, Defendants transact business

here and the conduct complained of occurred here.

## PARTIES

3.     Plaintiff, JACOB LANGSAM, is natural person residing at 66 Horton Drive,

Monsey, New York, 10952, and a consumer pursuant to FCRA and FDCPA.

1

4.    Defendant, COHEN & KRASSNER, is a collections attorney doing business at 350 Fifth Avenue, Suite 2418, New York, New York, 10118, and is a debt collector as defined by the FDCPA.

5.    Defendant, UNIFUND CCR PARTNERS, is a debt collector as defined by the FDCPA, with its corporate headquarters located at 10625 Techwoods Circle, Cincinnati, Ohio, 45242, and is a "Credit Reporting Agency" pursuant to FCRA.

6.    Defendant, CITIBANK SOUTH DAKOTA N.A., is a banking corporation with its corporate headquarters located at 701 E 60th St N, Sioux Falls, SD 57104-0493.


## FACTUAL ALLEGATIONS

7.    On June 30, 2005, Plaintiff received a collections letter from Defendant, Cohen & Krassner, as assignee of Unifund CCR Partners, stating that "Unless you notify us within 30 days of receipt of this letter that the validity of the debt is disputed we will assume that the debt is valid. Upon your written request, we will provide you with verification ... name and address of the original creditor."

8.    On July 18, 2005, Plaintiff sent a dispute validation letter to Defendant, Cohen & Krassner, as required by the FDCPA, as well as proof of contractual obligation to pay alleged debt.

9.    In a letter dated July 28, 2005, Defendant Cohen & Krassner acknowledged receipt of Plaintiff's letter. The letter also advised Plaintiff that the original creditor was Citibank (South Dakota), N.A., and regarding a credit card issued to him. The credit card number was also provided Plaintiff in the letter.

10. Defendant Cohen and Krassner failed to validate the debt. They failed to provide the address of the creditor, verification of the amount of the debt, and the contract, which created the debt, which were requested by Plaintiff.

11. On July 22, 2005 Defendant Cohen & Krassner filed a Summons against Plaintiff for the amount of $5,242.76.

12. On August 17, 2005, Plaintiff Answered Defendant's Summons, again stating that he disputed the alleged debt. Plaintiff informed the Court that he mailed a validation letter on July 18, 2005 and that Cohen & Krassner failed to validate the debt.

13. Nevertheless, On November 1, 2006 Defendant, Cohen & Krassner obtained a Default Judgment against Plaintiff.

14. Defendant Unifund CCR Partners continues to report the disputed debt on Plaintiff's credit reports, and the Judgment is also reported on Plaintiff's credit report.

15. On February 20, 2007 and again on March 26, 2007, Plaintiff sent letters requesting validation of the debt and that they should stop any efforts to collect the debt and stop falsely reporting the disputed information.

16. Despite these requests, Unifund CCR Partners continues to report the disputed alleged debt on Plaintiffs credit report.

17. These disputed negative marks have harmed Plaintiff's credit and are preventing Plaintiff from enjoying the benefits of a good credit rating. Plaintiff has suffered damages as a result of the acts of the Defendants.

FIRST CLAIM: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. The allegations of paragraphs 1-17 in this pleading are incorporated as if fully rewritten herein.

3

19.     Defendant Cohen & Krassner violated 15 U.S.C. 1692g(b) by failing to cease collection efforts until the debt has been validated.

20.     Defendants violated the Fair Debt Collection Practices Act 15 U.S.C. 1692e(8) by communicating false credit information and attempting to collect a debt when said debt was disputed, and failing to inform the credit bureaus that the Debt is disputed.

21.     Defendants violated 15 U.S.C 1692e by representing misleading information in connection with the existence of a debt.

22.     As a direct and proximate result of thereof, Plaintiff has been injured and may continue to suffer such injury in the future.

23.     As a direct and proximate result of the above violations of the FDCPA, Defendants are liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## SECOND CLAIM: VIOLATION OF THE FAIR CREDIT REPORTING ACT ("FCRA")

24.     The allegations of paragraphs 1-23 in this pleading are incorporated as if fully rewritten herein.

25.     Defendants, Unifund CCR Partners and Cohen & Krassner are "users" of credit information and "furnishers" of credit information as stated in the Fair Credit Reporting Act.

26.     In and after July 26, 2005, until the present time, Defendants, have been and are continuously violating the Fair Credit Reporting Act, 15 U.S.C. §1681s-2 by furnishing to

credit reporting agencies inaccurate information about the debt, failing to state that the debt was disputed.

27.     Defendants willfully violated the mandates of section 1681s-2[b] by failing to conduct an investigation with respect to the disputed information, failing to report the results of the investigation to the consumer reporting agencies, and failing to modify or delete the disputed item of information. Such violations form the basis of a negligence per se claim and an intentional tort, per se.

28.     Defendants likewise violated the mandates of section 1681s-2[a] by furnishing inaccurate information relating to Plaintiffs to a consumer reporting agency although Defendant knew that the information has been disputed. Such violations form the basis of a negligence per se claim and an intentional tort, per se.

29.     Defendants knew or should have known or consciously avoided knowing that the information had repeatedly reported about plaintiff was false and improperly attributed to Plaintiff. Defendant was further notified by plaintiff of their failure to validate and that debt is disputed, yet Defendant failed to report such information as disputed to the consumer reporting agencies.

30.     Said information was negative and damaging to plaintiff. Plaintiff sustained credit denials repeatedly. The publication of false consumer reports is evidenced in the inquiry section of the respective credit reports issued about plaintiff, as is the default judgment, which was obtained by Defendant Cohen & Krassner when they had no right to continue with any collection efforts.

38.     As a direct and proximate result of the above violations of the FCRA, Defendants are liable to Plaintiffs for declaratory judgment that Defendant's conduct violated the FCRA, and Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

## THIRD CLAIM: DEFAMATION

39.     The Plaintiff re-alleges and incorporates paragraphs 1 through 38 above as if fully set out herein.

40.     Defendants recklessly, maliciously and/or intentionally obtained a Supreme Court Default Judgment against Plaintiff when they knew or should have known that they had no right to do so, because they have failed to validate the debt.

41.     Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning plaintiffs with reckless disregard for the truth of the matters asserted.

42.     Defendant's publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of plaintiffs and caused severe humiliation, emotional distress and mental anguish to plaintiffs.

43.     Defendant's obtaining a Judgment against Plaintiff when they had no right to do so has severely tarnished Plaintiff's Public Record and Credit, thereby damaging Plaintiff's personal and consumer reputation, causing severe emotional distress and anguish to Plaintiff.

44.     Defendants was notified of inaccuracies and problems by plaintiff, however, the Defendants continued to issue and/or publish report(s) to third parties, which contained inaccurate information about plaintiffs.

7

45.     Defendants acted with willful intent and malice to harm plaintiff.


## PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY


**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against

Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA, FCRA and FCBA, and declaratory and injunctive relief for Defendants' violations of the Consumer Act;

B. That Judgment obtained by Defendant against Plaintiff be revered and nullified. .

C. Actual damages as proven at trial, on each and every claim;

D. Statutory damages, where applicable;

E. Costs and reasonable attorney fees; and

F. For such other and further relief as may be just and proper.
Plaintiff hereby demands a trial by jury on all issues and all claims.


DATED: August 22, 2007
     Spring Valley, NY                              _____/s/_____

Shmuel Klein (SK 7212) Fed Court Only
Law Office of Shmuel Klein, PC
Attorneys for Plaintiff
268 ROUTE 59
Spring Valley, NY   10977
(845) 425-2510