```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                              Case No. CV 07-7506
JACOB LANGSAM,
                          Plaintiff(s),

     against

COHEN & KRASSNER,                             ANSWER
UNIFUND CCR PARTNERS,
CITIBANK SOUTH DAKOTA, N.A.,

                          Defendant(s),
_____
```

Comes Now Defendant Cohen & Krassner, and for its Answer to Plaintiff's Complaint, states and alleges as follows:

### INTRODUCTION

1. Cohen & Krassner admits this action has been brought, but denies that Plaintiff is entitled to any relief herein; and, further denies that Cohen & Krassner has engaged in any action which violates the Fair Debt Collection Practices Act.

### JURISDICTION AND VENUE

2. Cohen & Krassner admits this Court generally has jurisdiction over cases brought for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq., but denies that Plaintiff's has any claim herein.

### PARTIES

3. Cohen & Krassner lacks sufficient information to admit or deny the allegations in Paragraph 3 of Plaintiff's Complaint and, therefore, denies the same for the present time.

4. Cohen & Krassner lacks sufficient information to admit

and, therefore, denies the same for the present time, except Cohen & Krassner admits that it is a law firm duly licensed to practice law in the State of New York and that it is doing business at 350 Fifth Avenue, Suite 2418, New York, New York, 10118.

5. Cohen & Krassner lacks sufficient information to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint and, therefore, denies the same for the present time.

6. Cohen & Krassner lacks sufficient information to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint and, therefore, denies the same for the present time.

## FACTUAL ALLEGATIONS

7. Cohen & Krassner lacks sufficient information to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint and, therefore, denies the same for the present time, except that Cohen & Krassner admits that it mailed an initial demand letter to Plaintiff which included the required validation notice. Further, Cohen & Krassner denies that it is an assignee of defendant Unifund CCR Partners.

8. Cohen & Krassner lacks sufficient information to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint and, therefore, denies the same for the present time, except that Cohen & Krassner admits that it received a letter dated July 18, 2005 disputing the debt and requesting verification of the debt.

9. Cohen & Krassner admits the allegations in Paragraph 9,

and that it sent a verification letter on or about July 28, 2005.

10. Cohen & Krassner denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Cohen & Krassner admits the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Cohen & Krassner lacks sufficient information to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint and, therefore, denies the same for the present time, except that Cohen & Krassner admits that an answer was filed by Plaintiff, dated August 17, 2005.

13. Cohen & Krassner denies the allegations in Paragraph 13 of Plaintiff's Complaint because plaintiff's assertions are taken out of context and are incomplete. Cohen & Krassner admits that pursuant to a Court Order dated November 1, 2006, based on Plaintiff's failure to appear at a pre-trial conference scheduled for October 4, 2006 before the Hon. William K. Nelson, a judgment was entered against the defendant in the sum of $5,242.76 plus interest from October 22, 2003 at the statutory rate of 9% per annum, plus costs and disbursements as taxed by the court. A Statement for Judgment was entered on December 6, 2006.

14. Cohen & Krassner lacks sufficient information to admit or deny the allegations in Paragraph 14 of Plaintiff's Complaint and, therefore, denies the same for the present time.

15. Cohen & Krassner lacks sufficient information to admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint

and, therefore, denies the same for the present time, except that Cohen & Krassner admits that it received a letter dated February 20, 2007 and February 21, 2007 from Plaintiff. However, as of December 6, 2006, Plaintiff was represented by counsel, Davind M. Ascher, Esq. By letter dated February 26, 2007, Cohen & Krassner informed Mr. Ascher, and Plaintiff by carbon copy, that all communications must be made through counsel.

16. Cohen & Krassner lacks sufficient information to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint and, therefore, denies the same for the present time.

17. Cohen & Krassner denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Paragraph 18 of Plaintiff's Complaint recites no affirmative allegations against Cohen & Krassner. To the extent it is deemed to contain any such affirmative allegations, Cohen & Krassner denies the same.

19. Cohen & Krassner denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Cohen & Krassner denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Cohen & Krassner denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Cohen & Krassner denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Cohen & Krassner denies the allegations in Paragraph 23

of Plaintiff's Complaint.

24. Paragraph 24 of Plaintiff's Complaint recites no affirmative allegations against Cohen & Krassner. To the extent it is deemed to contain any such affirmative allegations, Cohen & Krassner denies the same.

25. Cohen & Krassner lacks sufficient information to admit or deny the allegations in Paragraph 25 of Plaintiff's Complaint and, therefore, denies the same for the present time.

26. Cohen & Krassner denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Cohen & Krassner denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Cohen & Krassner denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Cohen & Krassner denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30. Cohen & Krassner denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Cohen & Krassner denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Cohen & Krassner denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Cohen & Krassner denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34. Cohen & Krassner denies the allegations in Paragraph 34

of Plaintiff's Complaint.

35. Cohen & Krassner lacks sufficient information to admit or deny the allegations in Paragraph 35 of Plaintiff's Complaint and, therefore, denies the same for the present time, except Cohen & Krassner denies that it maintains a subscriber contract and/or relationship with any consumer reporting agencies. Further Cohen & Krassner affirmatively admits that it does not report to any consumer reporting agencies.

36. Cohen & Krassner lacks sufficient information to admit or deny the allegations in Paragraph 36 of Plaintiff's Complaint and, therefore, denies the same for the present time, except Cohen & Krassner denies that it maintains a subscriber contract and/or relationship with any consumer reporting agencies. Further Cohen & Krassner affirmatively admits that it does not report to any consumer reporting agencies.

37. Cohen & Krassner denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38. Cohen & Krassner denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39. Paragraph 39 of Plaintiff's Complaint recites no affirmative allegations against Cohen & Krassner. To the extent it is deemed to contain any such affirmative allegations, Cohen & Krassner denies the same.

40. Cohen & Krassner denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Cohen & Krassner denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42. Cohen & Krassner denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43. Cohen & Krassner denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44. Cohen & Krassner denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45. Cohen & Krassner denies the allegations in Paragraph 45 of Plaintiff's Complaint.

### AS A FIRST AFFIRMATIVE DEFENSE

46. The complaint fails to state a claim upon which relief may be granted upon the grounds that Cohen & Krassner was not in violation of the FDCPA, FCRA or FCBA.

### AS A SECOND AFFIRMATIVE DEFENSE

46. The complaint fails to state a claim upon which relief may be granted upon the grounds that Cohen & Krassner did not make any defamatory statements.

### AS A THIRD AFFIRMATIVE DEFENSE

47. In the event it is determined that any actions of Cohen & Krassner constitutes a violation of any provision of the FDCPA, the violation was unintentional and the result of bona fide error.

### AS A FOURTH AFFIRMATIVE DEFENSE

48. The complaint is barred by the applicable statute of limitation.

### AS A FIFTH AFFIRMATIVE DEFENSE

49. The complaint is barred, in whole or in part, by plaintiff's failure to mitigate his claimed damages.

### AS A SIXTH AFFIRMATIVE DEFENSE

50. The complaint is barred by the doctrine of waiver.

### AS A SEVENTH AFFIRMATIVE DEFENSE

51. The complaint is barred by the doctrine of estoppel.

### AS AN EIGHTH AFFIRMATIVE DEFENSE

52. The complaint is barred by the doctrine of laches.

### AS A NINTH AFFIRMATIVE DEFENSE

53. The complaint is barred by the doctrine of res judicata.

WHEREFORE, Defendant Cohen & Krassner, prays that Plaintiff's Complaint be dismissed with prejudice, for its attorney and costs incurred herein and for such further relief as the Court deems just and equitable.

Dated:   September 20, 2007

Yours etc,

Mark Krassner (MK 9317)
Attorney for Defendant
COHEN & KRASSNER
350 Fifth Avenue Suite 2418
New York NY 10118

```
                                            212-564-1900

To:   Shmuel Klein (SK 7212)
      Attorney for Plaintiff
      268 Route 59
      Spring Valley, NY 10977
      (845) 425-2510
```

Josh/Answer/46294 - Langsam (FDCPA)