# ZELDES, NEEDLE & COOPER

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
1000 LAFAYETTE BLVD.
POST OFFICE BOX 1740
BRIDGEPORT, CONNECTICUT 06601-1740

TELEPHONE (203) 333-9441
FAX (203) 333-1489

Jonathan D. Elliot, Esquire
Direct Dial: (203) 332-5727
E-Mail: jelliot@znclaw.com

October 5, 2007

The Hon. Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

Re:  Civil Action No. 07CV7506(KMK)
     U.S. District Court, Southern District of New York
     Jacob Langsam v. Cohen & Krassner, et al.

Dear Judge Karas:

    I represent defendant Citibank South Dakota N.A. ("Citibank") in the above-captioned action. I write pursuant to Your Honor's motion procedures to request a pre-motion conference with respect to a proposed motion to dismiss under Federal Rule 12(b)(1) and 12(b)(6).

    This action is brought in the aftermath of a judgment obtained by defendant, Unifund CCR Partners ("Unifund"), represented by law firm Cohen & Krassner, against the plaintiff in state court. To the extent that plaintiff is seeking to challenge the validity of a state court judgment (see Complaint, Prayer for Relief, ¶B), this Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. See, e.g., Lomicki v. Cardinal McClosky Services, 2007 WL 21 76059 (S.D.N.Y. July 26, 2007).

    Even if the case is not dismissed for lack of subject matter jurisdiction, the Complaint fails to state any claim against Citibank. Citibank is alleged only to be the original creditor for a credit card account that was later assigned to defendant Unifund. As to claims under the FDCPA, which does not generally regulate the activities of creditors, Citibank is merely a former creditor, not a debt collector. The Complaint does not allege that Citibank has violated the FDCPA in any specified way.

    The plaintiff's allegations against Citibank under the Fair Credit Reporting Act, 15 U.S.C. §1681 et. seq., are also deficient. To the extent that plaintiff seeks to assert claims under 15 U.S.C. §1681s-2(a), he cannot do so – there is no private right of action

ZELDES, NEEDLE & COOPER
A PROFESSIONAL CORPORATION

Page 2
September 17, 2007

under §1681-2(a).  E.g., Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059-60 (9th Cir. 2002).

The Complaint also lacks allegations essential to a claim under 15 U.S.C. §1681s-2(b). To invoke this section, plaintiff must allege and prove that he submitted a dispute to a credit bureau concerning information furnished by Citibank, that the credit bureau notified Citibank of the dispute, and that Citibank failed to comply with its duty to investigate. The Complaint contains no such allegations.

Lastly, the plaintiff's state law defamation claim fails as a matter of law. It is preempted by the FCRA. 15 U.S.C. §1681t(b)(1)(F) ["No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under…(F) section 1681s-2 of this title relating to the responsibilities of persons who furnish information to consumer reporting agencies."]; e.g., Pirouzian v. SLM Corp., 396 F. Supp. 2d 1124 (S.D.Cal. 2005) [state law may not address the subject matter of 15 U.S.C. §1681s-2].

On the basis of circumstances that should be apparent to the plaintiff's counsel, plaintiff cannot maintain a claim in good faith against Citibank in this matter. The Complaint should be dismissed, and Citibank requests permission to so move.

Respectfully submitted,

Jonathan D. Elliot

JDE/dbr
cc:    Counsel of Record