UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JACOB LANGSAM | : | CIVIL ACTION NO. |
| | : | 7:07CV07506 (KMK) |
|     Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| COHEN & KRASSNER, ET AL. | : | |
| | : | |
|     Defendants. | : | ANSWER |

For its Answer to the Complaint herein, defendant Unifund CCR Partners ("Unifund"), by and through its undersigned counsel, denies each and every averment, except as expressly set forth below:

1.      Admits that this purports to be an action for damages and declaratory relief under the FDCPA, FCRA and for defamation, denies that such relief is appropriate or that Unifund is liable.

2.      Denies knowledge or information as to the truth of the allegations of the first and last sentences of this Paragraph 2, denies that Unifund transacts business in this District, and otherwise denies the remaining allegations of this Paragraph 2.

3.      Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 3 and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

4.      Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 4 and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

5.    Admits that Unifund has offices at 10625 Techwoods Circle, Cincinnati, Ohio, 45242, denies that it is a credit reporting agency under the FCRA, admits that it sometimes acts as a debt collector under the FDCPA, but denies knowledge or information as to whether Unifund so acted with respect to the plaintiff and therefore leaves the plaintiff to his proof.

6.    Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 6 and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

7.    Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 7 and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof, except denies that Cohen & Krassner is an assignee of Unifund.

8.    Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 8 and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

9.    Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 9 and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

10.    Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 10 and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

11.    Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 11 and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

12.    Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 12 and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

13.    Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 13 and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

14.    Admits that Unifund at one time reported information to national credit reporting agencies concerning the alleged debt, and otherwise denies the remaining allegations of this Paragraph 14.

15.    Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 15 and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

16.    Admits that Unifund has reported information concerning the debt to credit reporting agencies.

17.    Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 17 and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

18.    The answers to Paragraphs 1-17 are hereby restated and realleged as though fully set forth herein.

19.     Defendant denies the allegations set forth in Paragraph 19 of plaintiff's Complaint.

20.     Defendant denies the allegations set forth in Paragraph 20 of plaintiff's Complaint.

21.     Defendant denies the allegations set forth in Paragraph 21 of plaintiff's Complaint.

22.     Defendant denies the allegations set forth in Paragraph 22 of plaintiff's Complaint.

23.     Defendant denies the allegations set forth in Paragraph 23 of plaintiff's Complaint.

24.     The answers to Paragraphs 1-23 are hereby restated and realleged as though fully set forth herein as the answers to this Paragraph 24.

25.     Admits as to Unifund, and otherwise has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 25 and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

26.     Defendant denies the allegations set forth in Paragraph 26 of plaintiff's Complaint.

27.     Defendant denies the allegations set forth in Paragraph 27 of plaintiff's Complaint.

28.     Defendant denies the allegations set forth in Paragraph 28 of plaintiff's Complaint.

29.    Defendant denies the allegations set forth in Paragraph 29 of plaintiff's Complaint.

30.    Defendant denies the allegations set forth in Paragraph 30 of plaintiff's Complaint.

31.    Defendant denies the allegations set forth in Paragraph 31 of plaintiff's Complaint.

32.    Defendant denies the allegations set forth in Paragraph 32 of plaintiff's Complaint.

33.    Defendant denies the allegations set forth in Paragraph 33 of plaintiff's Complaint.

34.    Defendant denies the allegations set forth in Paragraph 34 of plaintiff's Complaint.

35.    Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 35 and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

36.    Denies as stated and refers to any relevant subscriber contacts for the content thereof.

37.    Defendant denies the allegations set forth in Paragraph 37 of plaintiff's Complaint.

38.    Defendant denies the allegations set forth in Paragraph 38 of plaintiff's Complaint.

39.     The answers to Paragraphs 1-38 are hereby restated and realleged as though fully set forth herein as the answer to this Paragraph 39.

40.     Defendant denies the allegations set forth in Paragraph 40 of plaintiff's Complaint.

41.     Defendant denies the allegations set forth in Paragraph 41 of plaintiff's Complaint.

42.     Defendant denies the allegations set forth in Paragraph 42 of plaintiff's Complaint.

43.     Defendant denies the allegations set forth in Paragraph 43 of plaintiff's Complaint.

44.     Defendant denies the allegations set forth in Paragraph 44 of plaintiff's Complaint.

45.     Defendant denies the allegations set forth in Paragraph 45 of plaintiff's Complaint.

**First Affirmative Defense**

The Court lacks subject matter jurisdiction.

**Second Affirmative Defense**

The Complaint fails to state a claim upon which relief may be granted.

**Third Affirmative Defense**

The plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Fourth Affirmative Defense

The plaintiff's claim is barred by collateral estoppel.

### Fifth Affirmative Defense

The plaintiff's claim is barred by res judicata.

### Sixth Affirmative Defense

Any violation of the FDCPA was unintentional, resulting, if at all, from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### Seventh Affirmative Defense

Plaintiff's state law defamation claims are preempted by the FCRA.

WHEREFORE, defendant, Unifund CCR Partners, prays that:

A.      the claims against it be dismissed with prejudice;

B.      the Court order that plaintiff pay defendant's attorney's fees; and

C.      the Court order for such other and further relief as justice may require.

Dated at Bridgeport, Connecticut
this 30th day of October 2007.

DEFENDANT
 UNIFUND CCR PARTNERS


By:    /S/
       Jonathan D. Elliot

       Zeldes, Needle & Cooper
       A Professional Corporation
       1000 Lafayette Boulevard
       Post Office Box 1740
       Bridgeport, CT  06604
       Tel.    (203) 333-9441
       Fax:    (203) 333-1489
       jelliot@znclaw.com

       Their Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2007, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.


_____/S/_____
Jonathan D. Elliot